UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HECTOR CODY ORTIZ, III,<br><br>                Plaintiff,<br>    v.<br><br>PIERCE COUNTY, et al.,<br><br>                Defendants. | Case No. 3:22-cv-05947-JLR-TLF<br><br>ORDER ON MOTION TO COMPEL DISCOVERY AND MOTION TO SEAL |

This matter comes before the Court on plaintiff Hector Cody Ortiz's ("plaintiff") Motion to Compel Discovery and Motion to Seal. Dkts. 64 and 66. Defendant NaphCare, Inc. ("NaphCare") opposes the Motion to Compel. Dkt. 67. Plaintiff filed a Reply in opposition to the Motion to Seal. Dkt. 73.

BACKGROUND

This civil rights case involves the dental treatment plaintiff received on two molars while he was incarcerated at Pierce County Jail. Dkt. 64 at 3-4. Plaintiff named two NaphCare employees in their individual and official capacities in the initial complaint. *Id* at 4. Plaintiff expressly added NaphCare as a defendant in the First Amended Complaint. *Id*. (citing Dkt. 50). NaphCare contracts with Pierce County to provide healthcare services to pre-trial detainees at Pierce County Jail. *Id*.

Plaintiff was taken to an outside provider for extraction of the first tooth in July 2021 and was taken for extraction of the second tooth in May 2022. Dkt. 67 at 2.

ORDER ON MOTION TO COMPEL DISCOVERY AND
MOTION TO SEAL - 1

Plaintiff claims that his treatment was inadequate and caused him tremendous and unnecessary pain, suffering, distress, and injury. Dkt. 64 at 3.

These motions concern Interrogatories Nos. 13 and 14 and Requests for Production Nos. 31, 32, 33, 35, 36, 37, 38, 40, and 41. *Id*. Plaintiff categorizes his motion into three categories: documents related to NaphCare's provision of medical care, interrogatories regarding corporate information, and documents related to NaphCare's budget and profits at the Pierce County Jail.

The requirements of Local Civil Rule 37(a) have been satisfied. *See* Dkt. 65 at 2.

DISCUSSION

A. **Motion to Compel Discovery**

Pursuant to Fed. R. Civ. P. 37 a party may move for an order compelling a party to appropriately respond to discovery when a party fails to produce documents or permit inspection as required by Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). Rule 34 allows a party to serve on another party a request for production within the scope or Rule 26(b). Fed. R. Civ. P. 34(a). Rule 26(b)(1) states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Under Fed. R. Civ. P. 33, the purpose of interrogatories is to "limit and clarify the issues for the parties in preparation for further trial proceedings." *Soria v. Oxnard Sch. Dist. Bd. of Trs*., 488 F.2d 579, 587 (9th Cir. 1973). If the responding party objects, any objection

must be plain and specific, to allow the court to understand the specific objectionable characteristic being asserted by the responding party. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

According to Fed. R. Civ. P. 34, requests for production, including requests for electronically stored information (ESI) and tangible things, must be responded to either by "stat[ing] that inspection and related activities will be permitted as requested or stat[ing] with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(C). If the producing party objects to part of a request, the producing party is required to include in the objection, a statement that specifies which part is being objected to, "and permit inspection of the rest." *Id*.

A party is only required to produce documents and records within their "possession, custody or control." *United States v. International Union of Petroleum & Industrial Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989) (citing Fed. R. Civ. P. 34(a)). The party seeking production of the document bears the burden of proving that the opposing party has possession of the document or evidence requested. *Id*. Additionally, the moving party bears the burden of showing that the discovery responses were incomplete. *Daiflon, Inc. v. Allied Chemical Corp.*, 534 F.2d 221, 227 (10th Cir. 1976).

A district court has broad discretion to grant or deny a motion to compel. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Under Fed. R. Civ. P. 26(b)(2)(C), the court is required to limit the frequency or extent of discovery if the discovery requested is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," or if the requesting party "has had ample opportunity to obtain the information by discovery in

ORDER ON MOTION TO COMPEL DISCOVERY AND
MOTION TO SEAL - 3

the action," or if the requesting party is seeking information that is outside of the scope of discovery under Rule 26(b)(1).

**1. Documents related to NaphCare's provision of medical care**

Plaintiff argues that NaphCare refuses to produce documents that are relevant to plaintiff's *Monell* claim against NaphCare. Dkt. 64 at 5. In particular these Requests for Production request all external audits of NaphCare conducted in Washington in the last five years and all documents reflecting any prospective risk management and quality improvement efforts with regard to the provision of medical care at Pierce County Jail in the last five years. Dkt. 65-3 at 15, 16.

Plaintiff's Request for Production regarding NaphCare's provision of medical care reads as follows:

> **Request for Production No. 38:** Please produce all external audits of NaphCare's provision of Medical Care conducted in Washington State in the last five (5) years, together with all documents generated in connection with or in response to any such audit.

Dkt. 65-3 at 15.

NaphCare responds that these requests are overbroad and argues that the request for audits from all NaphCare operations in Washington have no relevance to the issues at hand. Dkt. 67 at 7, 8.

Plaintiff relies on *Tapia v. NaphCare*, 2024 WL 184256 (W.D. Wash. Jan 17, 2024) to support his motion. In *Tapia*, a civil rights case involving NaphCare's provision of medical care at the Pierce County Jail, the court considered a request for "all external audits of NaphCare's medical or mental health services conducted in Washington in the last ten years and related documents" and for "documents reflecting risk-management analysis and quality improvement programs for the Pierce County Jail for the past

ORDER ON MOTION TO COMPEL DISCOVERY AND
MOTION TO SEAL - 4

years" and granted the motion to compel in regard to these requests, finding them "reasonably tailored to lead to the discovery of admissible evidence." *Tapia* at *9. The court in *Tapia* specifically considered similar cases which concluded that discovery pertaining to incidents concerning other individuals and occurring at other NaphCare facilities was appropriate and found a five-year lookback period was reasonable. *Id*. at *8 (collecting cases).

In another similar case, *Rapp v. NaphCare*, the plaintiff sought discovery related to audits of NaphCare medical or mental health services conducted at any time in the last ten years and any prospective risk-management analysis performed with regard to inmate or detainee deaths created at any time in the ten years preceding the subject confinement. 2023 WL 372825 *3 (W.D. Wash. Jan. 24, 2023). There the court limited the Interrogatories and Requests for Production at issue to jails served by NaphCare in Washington State and for the past five years, rather than ten. *Id*.

Here NaphCare argues that it is not aware of any external audits of its operations at the Pierce County Jail, however, plaintiff's RFP seeks "all external audits of NaphCare's provision of Medical Care conducted in Washington State," and thus the request is not limited to audits concerning their business with the Pierce County Jail. *See* Dkt. 65-3 at 15. NaphCare argues that to the extent plaintiff is seeking external audits from NaphCare facilities in Washington it is overbroad and has no relevance to the issues at hand. Dkt. 67 at 7.

To set forth a claim under *Monell* a plaintiff must show the defendant's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating the plaintiff's civil rights, or that the entity ratified

ORDER ON MOTION TO COMPEL DISCOVERY AND
MOTION TO SEAL - 5

the unlawful conduct. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690-91 (1978).

In the amended complaint plaintiff alleges that NaphCare by and through its agents and employees have "policies, procedures, practices, patterns or customs exposing inmates to needless pain, suffering, and harm by minimizing inmate conditions and delaying needed offsite or other additional medical care in order to postpone or potentially avoid the associated cost in resources, staffing, or expense. . . " Dkt. 51 at 24. In order to prove this claim, plaintiff will need to present evidence of these "policies procedures, practices, patterns, or customs." Therefore, these requests are relevant to plaintiff's *Monell* claim.

Additionally, the request relates only to the past five years and facilities in Washington; therefore it is reasonably tailored to plaintiff's *Monell* claim. *See Tapia* 2024 WL 184256 at *9; *see also Rapp* 2023 WL 372825 at *3. "District courts addressing discovery-related disputes in cases involving *Monell* claims have routinely recognized that such claims often require a broad and substantial amount of discovery that would not be involved if the plaintiff sued only the individuals directly involved in the deprivation of his rights." *Awalt v. Marketti,* 2012 WL 6568242 at *3 (N.D. Ill Dec. 17, 2012).

As for the remaining Requests for Production in this category, plaintiff also moves to compel responses to RFP's regarding Risk Management and Quality Improvement:

> **Request for Production No. 40:** Please produce all documents reflecting any prospective risk-management analysis performed with regard to the provision of Medical Care at the Pierce County Jail created in the last five (5) years.

**Request for Production No. 41:** Please produce documents sufficient to show all quality improvement efforts with regard to the provision of Medical Care at the pierce County Jail created in the last five (5) years, including without limitation all quality improvement plans and any related reviews, updates, comparisons, audits, or reports.

Dkt. 65-3 at 16.

NaphCare argues that it already provided its detailed "Continuous Quality Improvement Program" document through discovery and beyond this plaintiff's request is vague and overbroad "because a reasonable interpretation would potentially make every single document in NaphCare's Pierce County operations responsive." Dkt. 67 at 7-8. Plaintiff contends he is unaware of NaphCare producing such a document and NaphCare does not identify it; but plaintiff also states that if NaphCare is referring to a "Continuous Quality Improvement Program" policy, contained in its policy manual, this is not what is sought. Rather, plaintiff is seeking documents related to the implementation of the policy such as "quarterly quality improvement meetings and their minutes, monthly reporting, and training." Dkt. 69 at 6.

In regard to NaphCare's argument that "prospective risk management analysis" and "quality improvement efforts" are vague, plaintiff points to the use of these terms by NaphCare in its proposal of services to Pierce County Jail; the proposal includes the description of its "Continuous Quality Improvement Program," and "Risk-management activities" are identified as a component of this program. Dkt. 65-4 at 14.

The Court grants the motion to compel as to Requests for Production 38, 40, and 41. The requested documents fall within a reasonable scope of discovery.

2. **Interrogatories regarding corporate information**

Plaintiff argues that NaphCare should be ordered to answer interrogatories that seek details related to NaphCare's corporate information because it is relevant to the issue of punitive damages and plaintiff's *Monell* claim. Dkt. 64 at 8-9. These interrogatories specifically request NaphCare to identify each legal entity under common control with NaphCare and the shareholders and corporate officers of these entities and identify related financial information. Dkt. 65-3 at 11-12. They read as follows:

> **Interrogatory No. 13:** Please identify each legal entity under common control (in whole or in part) with NaphCare and describe the legal and tax relationships between the entities from 2021-present.
>
> **Interrogatory No. 14:** Please identify the shareholders and corporate officers of each legal entity under common control (in whole or in part) with NaphCare and describe the compensation paid to each.

Dkt. 65-3 at 11-12.

NaphCare's argument relating to these interrogatories largely challenges the merits of plaintiff's *Monell* claim. However, these arguments are better suited for a dispositive motion and do not present a basis for the Court to deny plaintiff's discovery motion. *See Rapp* 2023 WL 372825 at *1; *See also Groark v. Timek*, 989 F. Supp. 2d 378, 388-89 (D.N.J. 2013) (*Monell* discovery not off-limits because defendant "[could] not use its failure to file a dispositive motion as an excuse to avoid producing relevant discovery."). As stated above, plaintiff included a *Monell* claim against NaphCare in his complaint. Accordingly, it is proper for him to seek discovery to support his claim.

The court in *Tapia* found "[b]ecause Tapia's *Monell* theory is based in part on NaphCare's policy and practices allegedly prioritizing profit over case, discovery that reveals '[w]here NaphCare's revenue stream begins and ends' is relevant to Tapia's claim." *Tapia*, 2024 WL 184256 at *7.

Here plaintiff similarly argues "[i]f NaphCare has intentionally diminished or tried to lower its net worth by, for instance, paying its shareholders or officers millions in compensation or otherwise directing funds away from patient care, this information is relevant." Dkt. 64 at 9. Plaintiff's *Monell* claim alleges that NaphCare "has profit incentives to minimize the cost and extent of care to maximize its profits, including in connection with its contract with Pierce County and relating to the care provided to plaintiff and the events at issue in this action." Dkt. 51 at 5-6.

Further, information about a defendant's net worth is "traditionally admissible as a measure of the amount of punitive damages that should be awarded." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270 (1981). The financial information of the legal entities under common control with NaphCare and the compensation paid to the shareholder and corporate officers of these entities is relevant to plaintiff's *Monell* claim which centers on NaphCare's financial priorities. It is also relevant to plaintiff's claim for punitive damages. Accordingly, the Court grants the Motion in regard to Interrogatories 13 and 14.

Plaintiff also argues that documents related to NaphCare's corporate structure and finances are relevant to plaintiff's *Monell* claim and punitive damages. Dkt. 64 at 11. These Requests for Production seek a corporate chart of the legal entities under common control with NaphCare, NaphCare's balance sheet, income statement, statement of cash flow, profit and loss statement from 2021- present and its federal tax return from 2021-present. Dkt. 65-3 at 14-15. They state:

> **Request for Production No. 35:** Please produce a corporate organization chart or other documents sufficient to show, and identify the relationships between and among, each legal entity under common control (in whole or in part) with NaphCare.

ORDER ON MOTION TO COMPEL DISCOVERY AND
MOTION TO SEAL - 9

>**Request for Production No. 36:** Please produce your annual balance sheet, income statement, statement of cash flow, and profit and loss statement from 2021-present.
>
>**Request for Production No. 37:** Please produce your federal tax return, including all forms, from 2021-present.

Dkt. 65-3 at 14-15.

For the reasons discussed above, these documents are relevant and proportional to plaintiff's *Monell* claim. Accordingly, the Court grants the Motion as to Requests for Production 35, 36, and 37.

### 3. Documents relating to NaphCare's budget and profits at the Pierce County Jail

Plaintiff states that the documents it seeks regarding NaphCare's budget and profits at Pierce County are relevant and discoverable and NaphCare should be compelled to produce them. Dkt. 64 at 14. The Requests for Production seek documents related to NaphCare's budget and expenses for operations related to the provision of medical care at Pierce County Jail. Dkt. 65-3 at 13-14. The Requests read as follows:

>**Request for Production No. 31:** Please produce the comprehensive budget or other documents sufficient to show NaphCare's internal budget or forecast of revenue and expenses for operations relating to the provision of Medical Care at the Pierce County Jail by year, including without limitation any actual or projected budget, budget line-items, budget breakdown by category, and actual revenues and expenses relative to budget.
>
>**Request for Production No. 32:** Please produce all documents expressing or communicating concerns or questions relating to budget overages (whether in whole or specific to any line-item or category of expense) in connection with the provision of Medical Care at the Pierce County Jail
>
>**Request for Production No. 33:** To the extent not otherwise provided in responses to the foregoing requests, please produce documents sufficient to

> show the total revenue, expenses, and profit made by NaphCare relating to the provision of Medical Care at the Pierce County Jail by year.

Dkt. 65-3 at 13-14.

NaphCare responds that this discovery is extensively overbroad, invasive, disproportionate, and irrelevant to both plaintiff's *Monell* claim and his claim for damages. Dkt. 67 at 12.

Again, this information is relevant to plaintiff's *Monell* claim. Additionally, the majority of federal courts permit the discovery of a defendant's financial information when punitive damages are alleged, without prima facie showing of entitlement to such damages. *E.E.O.C. v. California Psychiatric Transitions*, 258 F.R.D. 391, 394 (E.D.CA. 2009) (collecting cases). However, the Court agrees that plaintiff should be required to specify a date range for the information that is tailored to the needs of this case; the Court therefore grants the plaintiff's motion to compel as to Requests for Production 31, 32, and 33, but the RFP's must be narrowed to a reasonable and specific date range.

### 4. NaphCare's privilege and privacy objections

To the extent that NaphCare objects to any discovery requests on the basis of privilege, the Court ORDERS NaphCare to use a privilege log as required by Fed. R. Civ. P. 26(b)(5)(A). Furthermore, to the extent that NaphCare is concerned about the disclosure of confidential, proprietary or commercially sensitive information, it may utilize the applicable provisions of the protective order (Dkt. 45).

### B. Motion to Seal

Local Civil Rule 5(g) allows the court to seal documents and other evidence upon a showing that a party cannot avoid filing a document under seal and a statute, rule, or prior court order expressly authorizes the party to file the document under seal or a

ORDER ON MOTION TO COMPEL DISCOVERY AND
MOTION TO SEAL - 11

party files a motion or stipulated motion to seal before or at the same time the party files the sealed document. LCR 5(g)(1)-(2).

The Ninth Circuit has applied a strong presumption of public access to judicial records. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to file a document under seal must overcome that strong presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). While parties who seek to seal documents attached to dispositive motions must meet the "compelling reasons" standard, "[a] 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Kamakana* 447 F.3d at 1180. Under Rule 26(c) upon a showing of good cause, the court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

In this case the parties agreed to a Stipulated Protective Order. Dkt. 45. Pursuant to this Order, plaintiff moved to file Exhibit D (Dkt. 65-4) to the Declaration of Shawn Larsen-Bright (Dkt. 65) under seal because NaphCare designated this exhibit as confidential in the course of discovery. Dkt. 66. Plaintiff certifies under LCR 5(g)(3)(A) that the parties met and conferred on whether NaphCare would agree to withdraw the confidential designation but NaphCare did not agree to do so. *Id* at 2.

NaphCare states that the Exhibit, a 2015 proposal for services by NaphCare regarding the Pierce County Jail, contains information regarding NaphCare's proprietary approaches and strategies for providing correctional medical services, a discussion of a proprietary electronic medical record system, TechCare, and two different price proposals made before a contract between NaphCare and Pierce County was finalized.

Dkt. 71 at 4-5. NaphCare characterizes this as commercially sensitive information that was never meant to be provided to its competitors and argues that having it published on the docket could harm and disadvantage NaphCare in the marketplace. Id. at 5.

Plaintiff objects to the sealing on the basis that the information in the exhibit is publicly available elsewhere. Dkt. 73 at 2-3. As examples of this, plaintiff provides a copy of proposals for service from NaphCare for Clark County, Washington (Dkt. 74-2) and Manatee County, Florida (Dkt. 74-3) which plaintiff was able to obtain through an internet search. Plaintiff further argues that the exhibit is a part of a public document as it is part of the public contract between NaphCare and Pierce County which is a public document as defined under the Washington Public Records Act RCW 42.56.010(3). Dkt. 73 at 3.

Upon review of the Exhibits provided by plaintiff, the Court concludes that both the Clark County and Manatee County documents discuss approaches and strategies for providing correctional medical services. *See, e.g.*, Dkt. 74-2 at 27-30; Dkt. 74-3 at 132-134. The Clark County proposal contains a price quote like that in the document at issue here (*See* Dkt. 74-2 at 166-69) and even discusses the annual contract value of the Pierce County contract (Dkt. 74-2 at 32). Additionally, both documents thoroughly discuss TechCare. Because this information is easily accessible online, NaphCare has failed to show that having it published here could harm and disadvantage NaphCare in the marketplace.

CONCLUSION

For the reasons stated herein, the Court ORDERS as follows:

(1) The Motion to Compel is GRANTED as to Requests for Production No. 31, 32, 33, 35, 36, 37, 38, 40, and 41. However, the parties are instructed to meet and confer with regard to the date range for the documents required in Requests for Production No. 31, 32, and 33;

(2) The Motion to Compel is GRANTED as to Interrogatories No. 13 and 14;

(3) The Motion to seal is DENIED; and

(4) Any information withheld on the basis of privilege must be identified in NaphCare's discovery responses and/or privilege log.

Dated this 29th day of October, 2024.

Theresa L. Fricke
United States Magistrate Judge